IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN, on behalf of her and her minor son D. G.;<br><br>Plaintiff,<br><br>vs.<br><br>VANDER, in their individual and official capacity; SWAAG, in their individual and official capacity; JORDAN, in their individual and official capacity; and OMAHA POLICE DEPARTMENT,<br><br>Defendants. | 8:21CV417<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

As a preliminary matter, Plaintiff impermissibly attempts to bring this action on behalf of herself and her minor son, D.G. "Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020); *see Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."); *see also Udoh v. Minn. Dep't of Human Servs.*, 735 F. App'x. 906, 907 (8th Cir. 2018) (per curiam) (affirming dismissal without prejudice of constitutional claims plaintiffs "attempted to assert on behalf of their minor daughters."); *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (same for minor daughter); *Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542, 543 (8th Cir. 2008) (per curiam) (same for minor children). All claims brought on behalf of D.G. will be dismissed without prejudice.

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges she was a passenger in her own vehicle on May 24, 2021, when police pulled it over on the pretext that the driver had not used a turn signal; the police officers immediately asked to search the vehicle and asked whether there were any firearms; Plaintiff told them she had a gun in the backseat in a carrying case. Plaintiff alleges there was no probable cause for police to search the vehicle, her person, or her purse, or to place her under arrest for carrying a concealed weapon and not registering the firearm.

Essentially, Plaintiff is claiming the defendants violated her rights under the Fourth Amendment, which protects against unreasonable searches and seizures. Plaintiff, who does not identify her ethnicity, may also be asserting a claim under the Equal Protection Clause of the Fourteenth Amendment, as it is alleged she was "arrested, detained, questioned, and searched with no probable cause other than this is the illegal practice, policy of the bandit police officers with people of color in this particular area, where persons considered to be illiterate, uneducated, and poor and powerless to redress grievances are primarily stopped, and as a practice, a policy and procedure, the police officers violate people of color's rights without any probable cause" (Filing 1 at 3).

## A. Fourth Amendment Claims

"A traffic stop is constitutionally reasonable where the police have probable cause to believe that a traffic violation has occurred." *Garcia v. City of New Hope*, 984 F.3d 655, 663 (8th Cir. 2021) (quoting *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017). Explained another way, "any traffic violation, even a minor one, gives an officer probable cause to stop the violator," and therefore, "any ulterior motivation on the officer's part is irrelevant." *Id.*, at 664 (quoting *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time." *Id.* (quoting *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014)).

After stopping a vehicle, an officer has the authority to ask the driver what his or her destination and purpose is, check the driver's license and registration, or request that the driver step out of the vehicle. *United States v. Payne*, 534 F.3d 948, 951 (8th Cir. 2008). An officer may also request identification from passengers and question them to verify information given by the driver, *United States v. Gaxiola*, 149 F. App'x 560, 562 (8th Cir. 2005), and may order passengers to get out of the car pending completion of the stop, *Maryland v. Wilson*, 519 U.S. 408, 415 (1997). A traffic stop can last as long as reasonably necessary to conduct this routine investigation, conduct a criminal history search, and issue a citation. *Payne*, 534 F.3d at 951. If this routine investigation raises the officer's suspicions and the officer has reasonable, articulable suspicion, the officer may expand the scope of the investigation. *Id.* This may include asking about weapons and requesting consent to search the vehicle. *See United States v. Cox*, 992 F.3d 706, 710-11 (8th Cir. 2021).

The Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105-06 (8th Cir. 2004). One of the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009)."The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* This exception justifies a warrantless search of the arrestee's person and the area within his or her immediate control, *i.e.*, the area from within which he or she might gain possession of a weapon or destructible evidence. *See Chimel v. California*, 395 U.S. 752, 763 (1969).

Although the allegations of Plaintiff's Complaint are somewhat conclusory, and the order in which events occurred is not completely clear, she has sufficiently alleged that there was no probable cause for the traffic stop, that the officers did not have reasonable, articulable suspicion to expand the scope of the traffic stop to inquire about weapons or to ask for consent to search the vehicle, that there was no probable cause to search the vehicle, Plaintiff's person, or her purse, and that there was no probable cause to arrest Plaintiff.

## B. Equal Protection Claim

To prove an equal protection claim in the context of a police interaction, Plaintiff must prove that the officers exercised their discretion to enforce a law solely on the basis of race. *Clark v. Clark*, 926 F.3d 972, 980 (8th Cir. 2019). This requires a showing of both discriminatory purpose and discriminatory effect. *Johnson v. Crooks*, 326 F.3d 995, 999-1000 (8th Cir. 2003) (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)). "[E]ncounters with officers may violate the Equal Protection Clause when initiated solely based on racial considerations." *United States v. Frazier*, 408 F.3d 1102, 1108 (8th Cir. 2005) (citing *United States v. Woods*, 213 F.3d 1021, 1022-23 (8th Cir. 2000)). "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Johnson*, 326 F.3d at 1000 (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 634-48 (7th Cir. 2001); *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000)).

4

As mentioned earlier, Plaintiff does not allege that she is a member of a protected class. Without such an allegation, no plausible claim for relief is stated because Plaintiff does not have standing to bring a claim resting on the rights of third parties. *See Livingston ex rel. Livingston v. Borough of McKees Rocks*, 223 F. App'x 84, 88 (3d Cir. 2007) (affirming dismissal of racial profiling claim).

### C. Omaha Police Department

The Omaha Police Department is not a proper defendant, and must be dismissed from the action. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

### D. Official-Capacity Claims

Plaintiffs sues Officers Vander, Swag, and Jordan in their individual and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Thus, a suit against these police officers in their official capacities is, in effect, a suit against the City of Omaha rather than a suit against them personally.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim against the City of Omaha, Plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018

Plaintiff alleges as part of her equal protection claim that the officers acted pursuant to a "practice, a policy and procedure" (Filing 1 at 3), but does not allege any facts to show that there was an official policy of racial profiling or that the city's policymaking officials had notice of a widespread unconstitutional practice which they tacitly approved or were deliberately indifferent to. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Thus, no plausible official-capacity claim is stated.

### III. CONCLUSION

Plaintiff's Complaint states plausible Fourth Amendments claims against Defendants Vander, Swag, and Jordan, in their individual capacities, but Plaintiff has not alleged sufficient facts to show she has standing to bring an equal protection claim. All official-capacity claims against these three defendants are also subject to preservice dismissal for failure to state a claim upon which relief may be granted. The Omaha Police Department is not a proper defendant for a claim being made against the City of Omaha. Plaintiff cannot sue pro se on behalf of her minor child.

The court on its own motion will give Plaintiff 30 days to file an amended complaint if she so desires. If an amended complaint is not filed within 30 days, the case will proceed to service of process only on the individual-capacity claims alleged in the Complaint (Filing 1), as modified by this Memorandum and Order.

Accordingly,

IT IS ORDERED:

1. All claims asserted by Plaintiff on behalf of her minor son, D. G., are dismissed without prejudice.

2. All claims against Defendant Omaha Police Department are dismissed without prejudice, and it shall no longer be a party to this action.

3. All official-capacity claims are dismissed without prejudice.

4. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.

5. In the event Plaintiff files an amended complaint, failure to consolidate all claims into <u>one document</u> may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

6. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

7. If Plaintiff does not file an amended complaint within 30 days, the court will authorize issuance of summonses for Defendants Vander, Swag, and Jordan, in their individual capacities only, for service together with a copy of Plaintiff's Complaint (Filing 1) and this Memorandum and Order by the United States Marshal.[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case,

8. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 31, 2022**—amended complaint due.

9. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 1st day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

"[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory)); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).