IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>VANDER, in their individual capacity;<br>SWAAG, in their individual capacity;<br>JORDAN, in their individual capacity;<br>and CITY OF OMAHA,<br><br>    Defendants. | **8:21CV417**<br><br>**MEMORANDUM<br>AND ORDER** |

  Pursuant to the court's prior Memorandum and Order (Filing 6), Plaintiff has filed an Amended Complaint, which the court must now analyze pursuant to 28 U.S.C. § 1915(e)(2)(B) (court must review in forma pauperis complaints and dismiss complaint or any portion of it that states frivolous or malicious claim, fails to state claim upon which relief may be granted, or that seeks monetary relief from defendant who is immune from such relief).[1]

### Fourth Amendment Claim

  As with Plaintiff's initial Complaint, Plaintiff's Amended Complaint sufficiently alleges that there was no probable cause for the traffic stop at issue; that the officers did not have reasonable, articulable suspicion to expand the scope of the traffic stop to inquire about weapons or to ask for consent to search the vehicle; that there was no probable cause to search the vehicle, Plaintiff's person, or her purse; and that there was no probable cause to arrest Plaintiff. Therefore, Plaintiff's Fourth

---

[1] The court's previous Memorandum and Order (Filing 6) discussed the applicable standard of review and substantive law, which will not be repeated here.

Amendment claim against the Defendant police officers in their individual capacities shall proceed to service of process.

### Equal Protection Claim

Because Plaintiff's Amended Complaint alleges that she is a member of a protected class and that the Defendant police officers committed constitutional violations on the basis of Plaintiff's race, she plausibly alleges an equal protection claim against the officers in their individual capacities. (*See* Filing 7 ¶ 21 & p. 6 ("Plaintiff is a member of a protected class. She is a woman of color, African-American heritage, . . . living in area where persons like her and in her protected class are treated with no human dignity, respect"; the officers "violat[ed] persons who they feel are black, of color, women").)

### Official Capacity Claims

With regard to Plaintiff's purported official capacity claims, and construing Plaintiff's Amended Complaint very liberally, I conclude that Plaintiff has sufficiently alleged that there was an official policy of racial profiling that violated her equal protection and Fourth Amendment rights. (*See* Filing 7 at CM/ECF pp. 2, 3, 5, 6 ("The passenger Violet Goodwin the plaintiff and her minor son were arrested, detained, questioned, and searched with no probable cause other than this is the illegal practice, policy of the bandit police officers with people of color in this particular area, where persons considered to be illiterate, uneducated, and poor and powerless to redress grievances are primarily stopped, and as a practice, a policy and procedure, the police officers violate people of color's rights without any probable cause."; Plaintiff is a "woman of color" who lives in a "particular area, population, demographics, etc." where "persons like [Plaintiff] and in her protected class are treated with no human dignity, respect"; "the officers did not follow any lawful procedure in our neighborhood"; the "rogish police 'policy, practice, and procedure', violat[e] persons who they feel are, black, of color, women"). *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (in pleading a section

2

1983 claim of municipal liability based on an unconstitutional policy, plaintiff need not plead the specific existence of such a policy because "[w]hen a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right; to require otherwise would disregard liberality of Fed. R. Civ. P. 8, which requires short and plain statement of claim showing pleader is entitled to relief and that pleadings be construed so as to do justice).

However, Plaintiff's claims against Defendants in their official capacities are actually claims against the City of Omaha itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)). Therefore, the City of Omaha will be added as a party and Plaintiff's claims against Defendants Vander, Swaag, and Jordan in their official capacities will instead be construed to be asserted against the City of Omaha. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (proper to dismiss claims against city police officer sued in official capacity as redundant of claims against city); *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))).

### Temporary Injunctive Relief

Finally, the Plaintiff's Amended Complaint mentions a "request for temporary injunction" as desired relief. The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's request. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury

3

that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113. The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's request for a "temporary injunction" does not set forth any argument or evidence showing any probability that she will succeed on the merits of the Amended Complaint. Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as she is required to do when requesting injunctive relief without notice to the Defendants. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113. Therefore, Plaintiff's request in her Amended Complaint for a "temporary injunction" will be denied.

IT IS ORDERED:

1. The Clerk of Court shall add the City of Omaha as a Defendant in this matter.

4

2. Plaintiff's claims against the City of Omaha and against the Defendants in their individual capacities shall proceed to service of process.

3. For service of process on Defendant City of Omaha Police Officers Vander, Swaag, and Jordan in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Omaha Police Department, 505 S. 15th St., Omaha, Nebraska 68102" and forward them together with a copy of the Amended Complaint (Filing 7) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant City of Omaha Police Officers Vander, Swaag, and Jordan in their individual capacities at the Omaha Police Department, 505 S. 15th St., Omaha, Nebraska 68102**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[2]

4. For service of process on Defendant City of Omaha, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

using the address "City of Omaha, Attn: City Clerk, 1819 Farnam Street, Omaha NE 68183" and forward them together with a copy of the Amended Complaint (Filing 7) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant City of Omaha at City of Omaha, Attn: City Clerk, 1819 Farnam Street, Omaha NE 68183**. Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk of the City of Omaha. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

7. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 5th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

6