IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>               Plaintiff,<br><br>vs.<br><br>VANDER, et al.,<br><br>               Defendants. | 8:21-CV-417<br><br>ORDER |

      The plaintiff in this civil rights case has moved for appointment of counsel. Filing 26. That motion will be denied.

      In civil cases, there is no constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). But the court may request an attorney to represent any person unable to afford counsel if convinced that an indigent plaintiff has stated a non-frivolous claim, *see* 28 U.S.C. § 1915(e), and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).[1]

      The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of

---

[1] The Court notes that although the plaintiff's motion refers to her minor child, only the plaintiff herself is a named party to this lawsuit, meaning that the Court need not consider whether she can represent her minor child's interests or how that capacity affects the decision whether to appoint counsel. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 891-92 (8th Cir. 2020).

the legal arguments. *Id.*; *See Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006); *see also Ward,* 721 F.3d at 942. Those factors are "by no means an exclusive checklist," and the Court may also consider the potential merit of the plaintiff's claims. *See Crozier,* 973 F.3d at 889-90.

The Court is not persuaded that in this case, still at the pleading stage, appointment of counsel is warranted. The factual issues are not complex and the plaintiff was a witness to the entire incident, which is enough at this point in the litigation. Should this case progress past the pleading stage, the Court will "be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Phillips,* 437 F.3d at 794. For now, however,

IT IS ORDERED that the plaintiff's motion to appoint counsel (filing 26) is denied.

Dated this 4th day of August, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge