IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN, | |
| Plaintiff, | 8:21-CV-417 |
| vs. | ORDER |
| VANDER, et al., | |
| Defendants. | |

The plaintiff has filed a "notice of appeal" (filing 31) that the Court construes as an objection to the Magistrate Judge's order (filing 30) granting the defendants' motion for extension of time to file a responsive pleading (filing 29). The plaintiff complains that she never received a copy of the defendants' motion, and that the defendants had plenty of time to respond to her complaint in a case that's "been going on for 2 years." Filing 31 at 1.

First, the Court notes that the certificate of service for the defendants' motion indicates that it "was served on all parties registered with the CM/ECF system, which will send electronic notice of the foregoing to those registered with the Court, including: Violet Goodwin, [address redacted] Omaha, NE, 68111." Filing 29 at 2. But the plaintiff is not an electronic filer, and does not receive electronic service, so she's right to complain about that. The defendants are admonished to be mindful of their obligation to properly serve the plaintiff, pursuant to Fed. R. Civ. P. 5 and NECivR 5.2.

The Court will, however, overrule the plaintiff's objection. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484

F.3d 1068, 1076 (8th Cir. 2007). The Magistrate Judge's order here was neither. The Court may extend the time for a party to answer or otherwise respond to a complain "for good cause," *see* Fed. R. Civ. P. 6(b)(1), and such motions to extend are to be "liberally permitted," *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 767 (D. Minn. 2018).

A defendant has 21 days after service to answer or otherwise respond to a complaint. *See* Fed. R. Civ. P. 12(a)(1). This was the defendants' first request for an extension of that deadline. Answering the complaint might require the defendants' counsel to consult with their clients and investigate the plaintiff's allegations by, for instance, obtaining records of the alleged incident. Filing a motion to dismiss pursuant to Rule 12(b) would require legal research and the drafting of a brief. Either way, asking for more than 21 days to complete the task is hardly inappropriate, and the Magistrate Judge's order granting that request was neither erroneous nor unlawful.[1] Accordingly,

IT IS ORDERED that the plaintiff's objection (filing 31) is overruled.

Dated this 15th day of August, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] And the Court notes that contrary to the plaintiff's claim, this case has not been pending for two years: the complaint in this Court was only filed in October 2021. *See* filing 1.