IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN, | |
| Plaintiff, | 8:21-CV-417 |
| vs. | ORDER |
| VANDER, et al., | |
| Defendants. | |

The plaintiff has filed a "notice of appeal" (filing 53) that the Court construes as an objection to the Magistrate Judge's case progression order (filing 43).[1] The Court will overrule the plaintiff's objection.

First, the objection was untimely. The case progression order was entered on September 14, and the deadline for objecting to a Magistrate Judge's order is 14 days. NECivR 72.2(a). But the plaintiff's objection is also without substantive merit. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The Magistrate Judge's standard case progression order here was neither.

The plaintiff, however, insists that the basic requirements of case progression are "totally unacceptable" because Judge Kopf, as the supervising

---

[1] The Court construed the filing as an objection because discovery and scheduling orders generally aren't appealable. *See In re Lombardi*, 741 F.3d 888, 895 (8th Cir. 2014); *Union Pac. R. Co. v. ConAgra Poultry Co.*, 189 F. App'x 576, 579 (8th Cir. 2006); *Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*, 425 F.3d 1087, 1093 (8th Cir. 2005); *see also Phyllis Schlafly Revocable Tr. v. Cori*, 924 F.3d 1004, 1011 (8th Cir. 2019).

*pro se* judge, has already ruled in her favor. Filing 53 at 1. That misstates Judge Kopf's order, which was based only on the facts *as alleged in the complaint*. *See* filing 6 at 1-2; filing 11 at 1 n.1. In other words, Judge Kopf found that the plaintiff *might* have a claim for relief *if* everything the plaintiff alleges happened the way she alleges. *See* filing 11.

But the defendants have the right to examine the plaintiff's *evidence* of those allegations, and the right to discover and present their own evidence to the contrary. Short-cutting that process in one party's favor would only make any judgment reversible on appeal. *See Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015) (standard of review). The plaintiff asserts that the Magistrate Judge "had no authority of any kind to stall us, and not schedule this case for trial on the merits." Filing 2 at 2. But the Federal Rules of Civil Procedure confer precisely that authority, and the Magistrate Judge exercised it properly.[2] It is, if anything, the plaintiff's disregard for the rules that is stalling this case—and the plaintiff is advised that *continued* disregard for those rules may eventually warrant sanctions, up to and including dismissal of her claim. *See* Fed. R. Civ. P. 41(b).

The plaintiff also demands that the Court remove Judge Zwart as Magistrate Judge. The Court will not do so. The plaintiff's disagreement with the Magistrate Judge's rulings falls far short of showing the "clear inability to render fair judgment" required to disqualify a judge for in-court conduct. *See Oden v. Shane Smith Enterprises, Inc.*, 27 F.4th 631, 633 (8th Cir. 2022).

Finally, the Court also has before it a "Motion for Summary Judgment with Affidavit" (filing 48) that the plaintiff filed despite discovery in this matter

---

[2] And for the sake of completeness, the Court notes that the Magistrate Judge's subsequent order on document production (filing 50) was also completely consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34.

being wholly incomplete. But first and foremost, the motion does not comply with this Court's rules regarding summary judgment motions. *See* NECivR 56.1. Those rules apply just as much to *pro se* parties as to lawyers. *See Huckins v. Hollingsworth*, 138 F. App'x 860, 862 (8th Cir. 2005). And failure to follow them "may be grounds to deny the motion." NECivR 56.1(a)(1). Because the plaintiff's motion does not satisfy this Court's rules, it will be denied without prejudice to reassertion *after* the parties have had a reasonable opportunity to conduct discovery and progress the case pursuant to the Magistrate Judge's orders.

IT IS ORDERED:

1. The plaintiff's objection (filing 53) is overruled.

2. The plaintiff's motion for summary judgment (filing 48) is denied without prejudice.

3. The parties shall proceed pursuant to the Court's case progression and discovery orders (filing 43; filing 50).

Dated this 20th day of October, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge