IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>            Plaintiff,<br><br>     vs.<br><br>VANDER, in their individual capacity; SWAAG, in their individual capacity; JORDAN, in their individual capacity; and CITY OF OMAHA,<br><br>            Defendants. | 8:21CV417<br><br>**ORDER** |

      On November 29, the undersigned entered an order finding Defendants could not comply with federal mandatory disclosure requirements or respond to Plaintiff's discovery unless the state court enters an order unsealing the state criminal case upon which this federal lawsuit is based, or the plaintiff signed an affidavit consenting to the unsealing of the case for the purposes of pursuing this lawsuit. (Filing No. 61).

      Defendant's deadline for responding to Plaintiff's discovery requests and the case progression deadlines set in Filing No. 43 were stayed pending further order of the court. (Filing No. 61) Plaintiff was given until December 29, 2022 to mail a signed and notarized affidavit of consent to defense counsel and to file a copy of the signed affidavit. (Filing No. 61). On December 29, 2022, Plaintiff filed a "Motion for Discovery & Affidavit." (Filing No. 62).

      Upon review of Plaintiff's filing, the motion for discovery is construed as a request for production of documents and not a motion. Accordingly,

IT IS ORDERED:

1) As to the discovery request in Filing No. 62:

    a. Plaintiff is instructed to serve any discovery requests on counsel for the defendants. They should not be filed with the court unless they are being offered as evidence in support of a motion, or they are being used during the final pretrial conference or trial.

    b. Defendants' responses to Plaintiff's requests for production of documents (Filing No. 62), shall be served on the plaintiff, and not filed with the court. The defendants' 30-day deadline for responding to this written discovery is February 13, 2023.

    c. The Clerk shall terminate Filing No. 62 as a motion.

2) The Clerk shall terminate the December 29, 2022 case management deadline as Plaintiff timely filed the signed affidavit.

3) The stay of the case progression deadlines set in Filing No. 43 is lifted. For good cause, and on the court's own motion, the deadlines are extended as set forth below:

    a. The trial and pretrial conference will not be set at this time. The status conference set for July 11, 2023 at 11:00 a.m. to discuss case progression, the parties' interest in settlement and the trial and pretrial conference settings is **continued** and will be held with the undersigned magistrate judge on **October 24, 2023** at **9:00 a.m.** by telephone. Counsel and Plaintiff shall use the conferencing instructions assigned to this case to participate in the conference.

    b. The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is February 27, 2023.

    c. The deadline for moving to amend pleadings or add parties is June 13, 2023.

    d. The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is May 30, 2023. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by June 13, 2023.

> **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

e. The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

|  |  |
|---|---|
| For the plaintiff(s): | July 27, 2023. |
| For the defendant(s): | August 28, 2023. |
| Plaintiff(s)' rebuttal: | September 11, 2023. |

f. The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is October 10, 2023.

g. The deadline for filing motions to dismiss and motions for summary judgment is November 8, 2023.

h. The deadline for filing motions to exclude testimony on *Daubert* and related grounds is November 8, 2023.

i. Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

j. The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

k. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 13th day of January, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge