IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, et al.,<br><br>    Defendants. | 8:21-CV-417<br><br>ORDER |

The plaintiff has filed a "Motion to Reconsider Recusal Motion and or Notice of Appeal Interlocutory" and "Notice of Interlocutory Appeal" (filing 69) with respect to the Court's order (filing 64) denying her motion to recuse, and order (filing 68) denying her motion to reconsider. To the extent that the plaintiff is again asking the Court to reconsider its own previous rulings, that motion is denied. *See Akins v. Knight,* 863 F.3d 1084, 1086-88 (8th Cir. 2017); *United States v. Aldridge,* 561 F.3d 759, 764-65 (8th Cir. 2009).

To the extent the plaintiff is seeking to perfect an interlocutory appeal, she must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The plaintiff has not paid a filing fee, presumably relying on Fed. R. App. P. 24(a)(3), which provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." *See* filing 5.

But § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Rule 24(a)(3)(A). An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States,*

369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675.

An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

It is well-settled that the denial of a motion to disqualify a district judge is reviewable by appeal only from a final judgment in the cause in which the motion for disqualification was filed. *Liddell v. Bd. of Ed. of City of St. Louis*, 677 F.2d 626, 643 (8th Cir. 1982); *see Campbell v. Baylard*, 740 F. App'x 111, 112 (8th Cir. 2018); *Scarrella v. Midwest Fed. Sav. & Loan*, 536 F.2d 1207, 1210 (8th Cir. 1976); *see also United States v. Brakke*, 813 F.2d 912, 913 (8th Cir. 1987). Nor, to the extent that the plaintiff has requested it, can this matter be appropriately certified for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009). Accordingly, the plaintiff is attempting to appeal from a non-appealable order, so her appeal is frivolous and not taken in good faith.

IT IS ORDERED:

1.   To the extent that the plaintiff's filing (filing 69) is a motion to reconsider, it is denied.

2.      The plaintiff's appeal is not taken in good faith and her appeal may not be taken in forma pauperis.

3.      The Clerk of the Court shall provide the Clerk of the U.S. Court of Appeals for the Eighth Circuit with a copy of this order and follow its normal practice in cases such as this one.

Dated this 3rd day of February, 2023.

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
United States District Judge