IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN, | |
| Plaintiff, | 8:21-CV-417 |
| vs. | ORDER |
| CITY OF OMAHA, et al., | |
| Defendants. | |

The plaintiff has filed a notice of appeal (filing 91) from the Court's order (filing 89) overruling her objection (filing 88) to the Magistrate Judge's order (filing 87) denying what the Magistrate Judge construed as a motion for protective order (filing 85) and motion for contempt (filing 86). But a litigant seeking to appeal a judgment must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The plaintiff has not proffered a filing fee, and is presumably relying on Fed. R. App. P. 24(a)(3), which provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." *See* filing 5.

But § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Rule 24(a)(3)(A). An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675.

An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly

without merit. See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. See *Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

Even an order granting a motion for discovery sanctions or vexatious litigation isn't appealable—much less an order denying such a motion. See *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) Nor are interlocutory civil contempt orders. *Omaha Indem. Co. v. Wining*, 949 F.2d 235, 238 (8th Cir. 1991). Pretrial discovery orders generally are not appealable. *Tenkku*, 218 F.3d at 927. Nor can this matter be appropriately certified for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009). Accordingly, the plaintiff is attempting to appeal from a non-appealable order, so her appeal is frivolous.

IT IS ORDERED:

1. The plaintiff may not proceed *in forma pauperis* on appeal.

2. The Clerk of the Court shall provide the Clerk of the U.S. Court of Appeals for the Eighth Circuit with a copy of this order and follow its normal practice in cases such as this one.

Dated this 5th day of June, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge